Aug. 13,
1875.                    MARCH *v.* PUTNEY.

*Guaranty— Consideration—Notice.*

To constitute a valid guaranty, there must be a sufficient consideration, a
   delivery by the guarantor, an acceptance by the person to whom it is
   given, a subsequent delivery of goods or other property under and in
   accordance with its terms, and, if it is collateral, request of payment and
   notice of non-payment.
Notice is not necessary when the undertaking is absolute.
Where the person for whose benefit the guaranty is given becomes in-
   solvent, so that no advantage can arise to the guarantor, notice is un-
   necessary.

FROM MERRIMACK CIRCUIT COURT.

ASSUMPSIT, upon a contract of guaranty. Writ dated March 5, 1874.
The cause was sent to a referee, who made the following report:
" The action is brought to recover of the defendant, as guarantor,
for goods sold his two sons, Fred C. and Charles H. Putney. The
guaranty is as follows:   In consideration of one dollar to me paid by
March Bros. Pierce & Co., of Boston, Massachusetts, I do hereby guar-
antee to them the prompt payment, within four months from the date
of purchase, for all goods which the said March Bros. Pierce & Co.
may from time to time sell to my sons, Fred C. Putney and Charles
H. Putney, who are about to open a store at Concord, N. H., under
the firm of Putney Bros., it being understood that this shall be a con-
tinuing guaranty, and remain in full force until countermanded in
writing by me.
   Hebron, N. H., Grafton county, September 8, 1873.
                                        A. S. PUTNEY.
   " After the delivery of said guaranty to the plaintiffs, they sold de-
fendant's said sons goods as follows :   1873.   September 23, merchan-
dise, $154.71 ; September 29, merchandise, $169.45 ; September 30,
merchandise, $24.75 ; October 17, merchandise, $19.75 ; October 24,
merchandise, $65.50 ;—$434.16.   Also, November 7, merchandise,
$86.75 ;—and this suit is brought to recover pay for said goods.   A
credit of four months was given when the goods were sold.
   " On March 5, 1874, Wm. M. Chase, Esq., as attorney for the plain-
tiffs, presented this bill to Fred C. Putney and demanded payment,
which he refused, saying, ' I can't pay it now.'   The firm of Putney
Bros. had then failed.   On the same day the writ in suit was made,
and sent to the officer, who served the same, with the bill of goods,
and with instructions to demand payment of the same of the defendant,

and, in case of his refusal to pay, to serve said writ. The officer presented the bill to the defendant, March 7, 1874, at Hebron (having the writ in his hands), and demanded payment of the defendant, which was refused, saying he could not pay it, and had nothing to pay it with. Upon these facts I find for the plaintiffs, and award that they recover of the defendant $434.16, being for the goods sold as above, except the bill of November 7, which was not then due, and interest from the date of the writ, and costs of reference taxed at $26.81, and costs of court to be taxed by the court."

On motion of the plaintiffs, judgment was ordered for the plaintiffs on this report, to which the defendant excepted.

*Josiah H. Benton, Jr.*, and *Sargent & Chase*, for the plaintiffs.

*Mugridge*, for the defendant.

\* STANLEY, J., C. C. In order to constitute a valid guaranty, there must be a sufficient consideration, a delivery by the guarantor, an acceptance by the person to whom it is given, a subsequent delivery of goods or other property under and in accordance with its terms, and, if the guaranty is collateral, request of payment within a reasonable time of the person for whose benefit it is given, and notice to the guarantor of non-payment. This, however, is not necessary in all cases.

Where the undertaking to pay is absolute, notice to the guarantor is unnecessary. His liability is fixed without demand and notice. *Beebe* v. *Dudley*, 26 N. H. 249, and authorities there cited. Where the undertaking is collateral, and not absolute, notice must be given within a reasonable time, or it must appear that the situation and circumstances of the parties are such that no injury has resulted to the guarantor from the want of notice. The object of notice is to let the guarantor know that he is relied on for payment, and it should be given to him whenever it would be of any advantage to him to have it, that he may, if possible, secure himself. Where the party for whom the undertaking is made becomes insolvent, so that no advantage can arise to the guarantor by notice being given, notice is unnecessary.

It must appear that the neglect to give notice to the guarantor has produced some loss or prejudice, otherwise notice and demand before the action is brought is sufficient.

Lord ELLENBOROUGH, in *Warrington* v. *Furbor*, 8 East 242, p. 245, says that guarantors "insure, as it were, the solvency of their principals, and, therefore, if the latter become bankrupt and notoriously insolvent, it is the same thing as if they were dead, and it is nugatory to go through the ceremony of making a demand upon them."

In the light of these principles, so well established that they may be regarded as elementary, I am unable to see any reason why the plaintiffs are not entitled to recover.

---

\* FOSTER, C. J., C. C., did not sit.

The guaranty was dated September 8, 1873. The consideration is stated in it. It is clear and explicit in its terms. It was delivered to and accepted by the plaintiffs. It is, in its terms, expressly to be a continuing guaranty. Under it the plaintiffs delivered goods to the defendant's sons, the persons for whose benefit it was given, up to and including October 24, 1873, to the amount of $434.16. This suit was brought March 5, 1874. More than four months elapsed between the date of the delivery of the goods and the bringing of the suit, and the defendant's sons had then failed. There was then no necessity for notice, and we are not therefore called upon to decide whether the demand made on the day of the date of the writ, and the notice to the defendant on that day and before the writ was served, was sufficient or not. Indeed, it seems to me quite clear that this contract of guaranty was absolute and not collateral, and upon the authority of *Beebe* v. *Dudley*, *supra*, demand and notice were unnecessary.

Entertaining these views, I am of the opinion that the exceptions must be overruled.

CUSHING, C. J. I agree that the exceptions ought to be overruled.

LADD, J., concurred in the result.

*Exceptions overruled.*